**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-4696

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

SANDRA KAY CABELL,

                Defendant - Appellant.

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
District Judge.  (3:04-cr-00031-1)

Submitted:  November 4, 2009        Decided:  November 12, 2009

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mary Lou Newberger, Federal Public Defender, Jonathan D. Byrne,
Appellate Counsel, Charleston, West Virginia, for Appellant.
Charles T. Miller, United States Attorney, Lisa G. Johnston,
Assistant United States Attorney, Huntington, West Virginia, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandra Kay Cabell appeals the eleven-month sentence she received after the district court revoked her supervised release. She argues that the sentence was plainly unreasonable because it was too long and did not further the purposes of sentencing. We affirm.

A sentence imposed after revocation of supervised release will be affirmed if it is within the applicable statutory maximum and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 437, 439-40 (4th Cir. 2006). We first review the sentence for reasonableness, "follow[ing] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39; see United States v. Finley, 531 F.3d 288, 294 (4th Cir. 2008) ("In applying the 'plainly unreasonable' standard, we first determine, using the instructions given in Gall [v. United States, 552 U.S. 38, __, 128 S. Ct. 586, 597 (2007)], whether a sentence is 'unreasonable.'").

Although the district court must consider the Chapter 7 policy statements and the requirements of 18 U.S.C.A. §§ 3553(a), 3853 (West 2000 & Supp. 2009), "the sentencing court retains broad discretion to revoke a defendant's probation [or

2

supervised release] and impose a term of imprisonment up to the statutory maximum." United States v. Moulden, 478 F.3d 652, 657 (4th Cir. 2007) (citing Crudup, 461 F.3d at 439).[*] In Cabell's case, the statutory maximum revocation sentence was two years.

A sentence is procedurally reasonable if the district court considered the Chapter 7 policy statements and the pertinent factors in § 3553(a). Crudup, 461 F.3d at 440. A sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the sentence imposed, up to the statutory maximum. Id. Only if a sentence is found to be procedurally or substantively unreasonable will this court "decide whether the sentence is plainly unreasonable." Id.

The district court considered the Chapter 7 policy statements, that is, the sentencing range of 5-11 months recommended by the probation officer. The court also considered Cabell's history and characteristics, the need to deter further criminal conduct on her part, the need to protect the public, and her need for treatment that could help her to avoid drugs and crime in the future.

---

[*]This court held in Moulden that the same standard of review applies to probation revocation sentences and supervised release revocation sentences. Moulden, 478 F.3d at 656.

3

Cabell argues that the district court's rationale for an eleven-month sentence was "purely punitive," and does not allow her to participate in the Bureau of Prisons residential drug treatment program or mandate that she take part in a long-term drug treatment program when she begins her new term of supervised release. She maintains that a shorter prison sentence would have been adequate, and a requirement that she participate in a long-term drug treatment program "would have addressed the underlying cause" of her prior criminal conduct and her supervised release violations.

Cabell has not shown that the sentence was either procedurally or substantively unreasonable. The district court considered the revocation range and the pertinent § 3553(a) factors. The court made an individualized assessment of what sentence would best serve the goals of sentencing and Cabell's personal needs and imposed a sentence within the statutory range and the revocation range.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4